UNITED STATES of America ex rel.
Lafayette HARPER (H–1664),

v.

A. T. RUNDLE, Superintendent,
Correctional Institution.

Misc. No. 3704.

United States District Court
E. D. Pennsylvania.

Dec. 22, 1967.

Lafayette Harper, pro se.

## MEMORANDUM

HIGGINBOTHAM, District Judge.

The relator, presently incarcerated at the State Correctional Institution, Graterford, Pa., seeks, by a petition for a writ of habeas corpus, to test the legality of his restraint by the state authorities.

In his petition, the relator asserts that on February 27, 1967, he filed a petition under the Pennsylvania Post-Conviction Hearing Act, 19 P.S. § 1180–1 et seq. (1966), in the Court of Quarter Sessions of Philadelphia County. The relator further asserts that as of October 24, 1967, his petition had not been disposed of, nor had he been given any information as to the status of his petition in spite of repeated inquiries made by him to the Clerk of the Court of Quarter Sessions. The relator contends that this alleged failure of the State Court to act on his Post Conviction Hearing Act petition

constitutes inordinate delay and a denial to him of due process and the equal protection of the laws. The relator's petition further alleges that the Superior Court of the Commonwealth will not accept his complaint of inordinate delay by the Court of Quarter Sessions, Philadelphia County; hence he has exhausted his state remedies.[1]

■■ I find that the relator has not exhausted his state judicial remedies. It is settled doctrine that federal courts will defer from ruling on the merits of habeas corpus petitions filed by state prisoners until state courts have been given the opportunity to pass upon these claims. This is not a jurisdictional requirement, but a doctrine based on the principles of comity, and codified in 28 U.S.C.A. § 2254. The doctrine rests on the recognition that state courts as well as the federal courts are bound by the strictures of the United States Constitution, and the assumption that, given the opportunity, the state courts will act promptly to correct possible violations of constitutional rights. In sum, the rule of exhaustion codified in § 2254 "is not one defining power but one which relates to the appropriate exercise of power" Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939). But, while redress of constitutional violations is ordinarily to be sought first through the state courts' established procedures, as the Supreme Court has admonished in a recent case:

> "Where state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions, federal courts have no other choice but to grant relief in a collateral proceeding." Bartone v. United States, 375 U.S. 52, 54, 84 S.Ct. 21, 22, 11 L.Ed.2d 11 (1963).

The Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq. (1966), provides a procedure by which a state prisoner is given the opportunity to attack a conviction or sentence alleged to have been imposed without due process of law. Under the Act, a petitioner who alleges facts that if proved would entitle him to relief is entitled to be given a full and fair hearing (§ 1180–9), and if he is unable to afford a lawyer, to have counsel appointed to represent him (§ 1180–12). If the Court finds in favor of the petitioner, it "shall order appropriate relief and issue supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that are necessary and proper." Thus, on its face this Act affords a state prisoner the complete remedies to which he would be entitled by a federal writ of habeas corpus.

The gravamen of the relator's complaint is that the state court has failed to take any action on his petition since it was filed on February 27, 1967. I have made an investigation and have been informed by the office of the Clerk of the Court of Quarter Sessions, Philadelphia County, that on April 18, 1967, Judge Sporkin of that Court granted the relator the right to file post-trial motions for arrest of judgment and for a new trial *nunc pro tunc*, and appointed the Defender Association of Philadelphia to represent the relator in filing and arguing these motions. This was confirmed by the Defender's Office, which indicated that these post-trial motions had not as yet been filed by it. Thus it is evident that the state remedy is still available to the relator. But, this is not completely dispositive of the case.

■ The effectiveness of a state post-conviction procedure in remedying possible constitutional violations must be commensurate with that of federal habeas corpus. In other words, the procedure must offer a "swift and imperative remedy in all cases of illegal restraint or confinement". Smith v. State of Kansas, 356 F.2d 654 (10th Cir., 1966), quoting Fay v. Noia, 372 U.S. 391, 400, 83 S.Ct.

1. Subsequent to the filing of his petition for a writ of habeas corpus the relator filed an application for allowance of bail pending the final determination of his habeas corpus action. Inasmuch as I am denying the petition I do not find it necessary to discuss the question of bail.

822, 828, 9 L.Ed.2d 837 (1963). In Smith, the Court of Appeals reversed the District Court ruling denying the appellant's petition for a writ of habeas corpus for failure to exhaust state remedies. The Court held that the fact that over a year had elapsed between the filing of the post-conviction hearing petition and the entry of a final appealable order did not accord the appellant the "swift and imperative remedy" to which he was entitled. In the present case a period of nine months has elapsed since the filing of the relator's post-conviction hearing petition; but seven of those months have elapsed awaiting the filing of post-trial motions in the Court of Quarter Sessions by the relator's court appointed counsel. As in Smith v. State of Kansas, this passage of time can scarcely be considered a reasonable period of time within which to pass on possible constitutional violations. But, in the confidence that counsel for the relator will act immediately to file post-trial motions and that these will be acted upon promptly by the trial court, I am dismissing the present petition for a writ of habeas corpus without prejudice to the relator's right to renew the petition if his Post Conviction Hearing Act petition is not acted upon within a reasonable period of time.