UNITED STATES of America ex rel. Eugene FLOYD

v.

Alfred T. RUNDLE, Supt.

Misc. No. 3641.

United States District Court E. D. Pennsylvania.

Jan. 18, 1968.

---

3. The Commonwealth of Pennsylvania, Brierley, Klock, Scharf, and Drs. Anderson, Place, Hamburg and Hanson.

Bernard L. Segal, Philadelphia, Pa., for relator.

## MEMORANDUM OPINION AND ORDER

BODY, District Judge.

On June 13, 1957 the relator Eugene Floyd was found by a jury to be guilty of first degree murder. He was sentenced to life imprisonment. He made no motions for a new trial, nor did he seek to appeal the trial court's decision. In March 1965 the relator filed a state habeas corpus petition claiming principally that his alleged confession admitted over his objection at his trial had been involuntary. He was granted a Jackson v. Denno hearing before the state courts and was represented by able appointed counsel. Both Floyd and the police officer who had been in charge of his arrest were examined and cross-examined at length. The state court concluded that the confession had been voluntary and denied the relator's petition. The Supreme Court of Pennsylvania affirmed the lower court per curiam.

On August 9, 1967 the relator filed a petition of habeas corpus in this Court. A hearing was held on November 8, 1967. Floyd was not represented by counsel. He took the stand and testified to his version of the circumstances of his arrest and confession.

■ In his petition the relator claims that he was denied the right to appeal his conviction; that he did not appeal because his counsel had informed him that an appeal would cause him to go to the electric chair;[1] and that he was not aware that he could receive another court-appointed lawyer for his appeal. By the relator's own admission, the voluntariness of his confession was the only substantial issue on which he might have appealed, and he has now received a full evidentiary hearing on that issue and has suffered adverse rulings on the trial and state Supreme Court levels. Furthermore, the issue of his right to an appeal has never been presented to the state courts, and comity thus precludes us from ruling on the issue when the relator has not exhausted his available state remedies.

■■ After an extensive review of all the state court records, we have concluded that the state habeas corpus court's finding that the confession was voluntary was supported by substantial evidence. Of course, Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) are of no assistance to the relator, who was tried in 1958. See Johnson v. State of New Jersey, 384 U.S. 719, 736, 86 S.Ct. 1792, 16 L.Ed.2d 882 (1966).

## ORDER

And now, this eighteenth day of January, 1968, it is ordered that relator Eugene Floyd's petition for habeas corpus relief be and the same hereby is denied.

1. We note that when the relator, through counsel, determined not to move for a new trial, he informed the trial court that the decision was his own and was voluntary. The court observed that the jury had voted eleven to one in favor of the electric chair.