UNITED STATES of America ex rel.
Aaron SHELTON, Jr.

v.

Alfred T. RUNDLE, Superintendent,
Graterford Correctional Institution.

Misc. No. 3735.

United States District Court
E. D. Pennsylvania.

Jan. 24, 1968.

MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is a petition by a State prisoner for a writ of habeas corpus.

Relator pled guilty in the Court of Oyer and Terminer of Bucks County (Bill No. 58, September Sessions, 1946), to murder in the first degree committed while in the perpetration of one of the five enumerated felonies in 18 P.S. § 4701. On October 2, 1946, he was sentenced to life imprisonment and is presently incarcerated in the State Correctional Institution at Graterford. Relator now wishes to collaterally attack his guilty plea and sentence alleging, *inter alia*, that the guilty plea was coerced.

Based upon allegations made in relator's petition and upon information supplied to us by the District Attorney's office of Bucks County, it appears that relator filed a State habeas corpus petition in the Common Pleas Court of Bucks County in June, 1965. Judge Beckert, of the Bucks County Courts, prepared an opinion disposing of the petition, but at the request of relator's counsel withheld filing it pending the disposition of relator's request for commutation from the State Board of Pardons. On March 8, 1966, the Board of Pardons refused commutation. Shortly after the refusal of commutation, relator requested that the Bucks County Court withdraw his counsel and thereafter his counsel requested the Court that he be withdrawn. The Court advised counsel by letter as to how to formalize the withdrawal, but received no reply to this letter.

On April 24, 1967, relator filed a Post-Conviction Hearing Act (19 P.S. § 1180–1 et seq.) petition with the Quarter Sessions Court of Bucks County. The following day relator's counsel wrote the District Attorney's office of Bucks County and asked to be informed of the date and place of the hearing on the Post-Conviction Hearing Act petition. Before he would set a hearing date, Judge Beckert wrote relator's counsel on May 29, 1967, requesting clarification of certain matters pertaining to the record: to wit, whether he intended to continue to represent relator and the feasibility of withdrawing either the petition for the writ of habeas corpus or the Post-Conviction Hearing Act petition. In response to Judge Beckert's letter, relator's counsel and an Assistant District Attorney of Bucks County met with Judge Beckert on July 10, 1967, in an attempt to clarify the record and arrange a date for a hearing. Because of pending summer schedules, Judge Beckert left it to relator's counsel and the Assistant District Attorney to arrange a mutually convenient date after September 15, 1967.

Apparently, neither counsel was able to agree on a suitable Post-Conviction hearing date and relator filed for a writ of habeas corpus with this Court on November 14, 1967. Relator's position is that since no final disposition has been made as yet of either his habeas corpus petition or his Post-Conviction Hearing Act petition, there is "inordinate delay" and hence this Court should rule on the merits of this habeas corpus petition despite the fact that he has not yet technically exhausted his State remedies.

■ One of the statutory limitations on the availability of the writ of habeas corpus is the doctrine that State remedies must first be exhausted before a Federal Court will pass upon its merits. 28 U.S.C. § 2254. It must be borne carefully in mind that the exhaustion doctrine is designed, not to frustrate relief in Federal courts, but rather to give the State courts the first opportunity to correct any errors which may have crept into the State criminal process. With this in mind, it becomes readily apparent that the doctrine of exhaustion is based solely on comity and is not a jurisdictional prerequisite to habeas corpus relief. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455 (1939); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

■ Where the State machinery for the enforcement of constitutional rights is ineffective, resort to State courts is not essential.[1] The fundamental assumption is that orderly and reasonable State procedures should be exhausted before an applicant's petition will be entertained in a Federal Court. But the corollary to this proposition is that where "inordinate delay" is generated by overly sophisticated technicalities and self-imposed

---

1. 28 U.S.C. § 2254 provides that exhaustion is not necessary where
   "there is either an absence of available State corrective process or *the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.*" (Emphasis supplied.)

limitations by the State court, the Federal Court should not abstain. Smith v. State of Kansas, 356 F.2d 654 (10th Cir. 1966); United States of America ex rel. Lafayette Harper v. A. T. Rundle, Superintendent, Correctional Institution, 279 F.Supp. 1013 (E.D.Pa. December 22, 1967.)

It is clear that the allegations in relator's petition raise such serious constitutional questions that before this Court will abstain, the State Post-Conviction procedure must offer a "swift and imperative remedy". Fay v. Noia, 372 U.S. 391, 400, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In Smith v. State of Kansas, supra, the Court of Appeals for the Tenth Circuit reversed the District Court's refusal to entertain the Federal habeas corpus petition of a State defendant for failure to exhaust State remedies. The Court held that where it appeared that more than one year had elapsed from the time the defendant filed his motion for relief under the State Post-Conviction statute and the entry of an appealable order the defendant had not been afforded the "swift and imperative remedy" to which he was entitled.

In the case at bar more than two years have elapsed since relator has filed his State habeas corpus petition and almost one year has elapsed since he has filed his Post-Conviction Hearing Act petition. As in Smith v. Kansas, supra, this is hardly a reasonable time within which to afford relator the "swift and imperative remedy" to which he is plainly entitled. It appears, however, that this delay was in large part contributed to by relator and his counsel and was not so much caused by the ineffectiveness of the State's procedural machinery as relator would like us to believe. Indeed, as was mentioned previously, Judge Beckert prepared an opinion disposing of relator's State habeas corpus petition on its merits, but withheld filing it at the request of relator and his counsel. In any event, we are in receipt of a letter from relator's counsel wherein we have been advised that a hearing on relator's Post-Conviction Hearing Act petition has been scheduled for the week of February 5, 1968. For the foregoing reasons, we will deny relator's petition for a writ of habeas corpus since he has not yet exhausted his State remedies.