**UNITED STATES ex rel. Walter J. ROUGHT, (H-0253),**

v.

**PIKE COUNTY, PENNSYLVANIA.**

Misc. No. 3709.

United States District Court
E. D. Pennsylvania.

Feb. 6, 1968.

Walter J. Rought pro se.

No appearance for defendant.

## MEMORANDUM AND ORDER VACATING PRIOR ORDER

HIGGINBOTHAM, District Judge.

Relator previously filed a petition here claiming that he had filed a petition under the Pennsylvania Post Conviction Hearing Act, 19 Pa.Stat.Ann. § 1180–1 et seq. (1966) in Pike County, Pennsylvania, on March 31, 1966, but that he had received no response.

On December 8, 1967, I issued an Order dismissing for failure to exhaust state remedies in which I stated:

"* * * He has not indicated anywhere in his petition that he has sought redress from this delay through the normal state appellate procedures.

"A copy of this Order will be sent to the Quarter Sessions Court of Pike County. I am confident that the Court will make inquiry as to whether there has been an appropriately prompt disposition of the Post Conviction Hearing Act petition."

In addition to this Order, on December 14, 1967, I wrote to Judge Fred W. Davis, President Judge, Court of Common Pleas in Pike County, enclosing a copy of my Order of December 8, 1967, and stating:

"I am enclosing a copy of an Order filed in the above captioned case which might be of interest to your Court.

"Of course I have made no judgment on the merits of Relator's complaint, but in the past I have found that often by alerting State Judges as to these problems, we have been able to amicably dispose of the federal claim."

On December 29, 1967, I received a reply letter from Judge Davis in Stroudsburg, Pennsylvania, which stated:

"* * * I have checked by telephone with the Clerk of the Court in Milford, Pike County, Pennsylvania and find that an Attorney had been appointed for Mr. Rought. The last item in the Clerk's docket seems to indicate that I had extended the time for the defendant's counsel to file a pleading. Apparently, as far as I am concerned, the matter has been lost in the shuffle. I will attempt to contact counsel and see if the matter cannot be on the road to prompt disposition. However, my term of office expires on the last day of this year so that may be a little difficult but at least I will call it to my successor's attention."

By reason of the fact that Relator may have been denied the right to have his matter promptly disposed of, my Order of December 8, 1967, is vacated, and the District Attorney of Pike County is ordered to file an answer within fifteen days.

It is further Ordered that if by March 1, 1968, the District Attorney has not notified the Clerk of this Court that Relator has had a hearing in the Pike County Court on his petition under the Pennsylvania Post Conviction Hearing Act, the matter will be listed for argument and hearing on Tuesday, March 25, 1968, at 10:00 o'clock A.M., at the United States Court House, Ninth and Market Streets, Philadelphia, Pennsylvania.

The Voluntary Defender is appointed as counsel for Relator as of March 1, 1968, and should be prepared to present argument, testimony and a brief in behalf of Relator on March 25, 1968.

The Warden of the State Correctional Institution at Graterford, Pennsylvania, is directed to produce the Relator at the

Court House on March 25, 1968, at 10:00 o'clock A.M.

The Clerk of our Court is directed to serve copies of this Order on the District Attorney of Pike County, and on the Warden of the State Correctional Institution at Graterford, Pennsylvania, and to mail a copy of this Order to the present Presiding Judge of the Court of Quarter Sessions of Pike County in Stroudsburg, Pennsylvania, and to the Voluntary Defender Association of Philadelphia.