**UNITED STATES of America ex rel. Ernest COATES**

**v.**

**Frank C. JOHNSTON, Superintendent.**

**Misc. No. M–69–331.**

United States District Court
E. D. Pennsylvania.

Aug. 26, 1969.

Ernest Coates, pro se.

Joseph Musto, Asst. Dist. Atty., Philadelphia, Pa., for Johnston, Superintendent.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The relator, who is presently incarcerated at the State Correctional Institution at Graterford, Pennsylvania, has filed a petition seeking a writ of habeas corpus. His present confinement is a result of having been found guilty by a jury of assault and battery, aggravated assault and battery, and assault and battery with intent to ravish. On February 9, 1968, the relator was sentenced for a term of 1 to 4 and ½ years. The relator was represented by counsel at his trial.

Motions for a new trial and in arrest of judgment were denied on January 30, 1968, and there is no record of an appeal being taken. However, in May, 1968, the relator filed a petition under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., which alleged numerous grounds for the illegality of his detention. On May 23, 1968, the Voluntary Defender was appointed to represent the relator.

In his answer to our Show Cause Order, the District Attorney has admitted that the petition has been listed nine times since June 17, 1968, without success. There have been various reasons for the numerous relistings—three times counsel has been unprepared, three times the relator has not been brought from prison, once no judge was present. On August 4, 1969, the matter was continued so that the relator's counsel could file an amendment which alleged sufficient facts to warrant relief. The petition has been again listed for hearing in the state courts on September 12, 1969.

While we regret the procedural morass that has occurred in the state courts' attempt to hear the relator's P.C.H.A. petition, we nonetheless find that under the circumstances the relator has failed to exhaust his state remedies. 28 U.S.C. § 2254. Our finding is based on the following considerations: (1) the relator's counsel has contributed to the delay; See United States ex rel. Harper v. Rundle, 279 F.Supp. 1013 (E.D.Pa. 1967); (2) the state, while not without fault, has been diligent in relisting the matter when postponements have occurred; (3) as another hearing date is reasonably imminent, we think it best to allow the state courts the first opportunity to determine whether the relator is being illegally detained; Frace v. Russell, 341 F.2d 901 (3rd Cir. 1965), cert. denied, 382 U.S. 863, 86 S.Ct. 127, 15 L.Ed.2d 101 (1965). Accordingly, we will enter an Order denying relator's petition for a writ of habeas corpus without prejudice.