UNITED STATES of America ex rel.
Eugene FLOYD

v.

Alfred T. RUNDLE, Supt.

Misc. No. 69–375.

United States District Court,
E. D. Pennsylvania.

May 5, 1970.

Eugene Floyd, in pro. per.

Arlen Specter, Dist. Atty. of Philadelphia County, for Alfred T. Rundle.

## MEMORANDUM AND ORDER

BODY, District Judge.

Relator was indicted for murder in Bill of Indictment No. 777, May Sessions, 1957 in the Court of Quarter Sessions of Philadelphia County, Pennsylvania. His trial commenced on June 9, 1958 before The Honorable Gerald F. Flood and a jury. On June 13, 1958 relator was convicted of murder in the first degree, the jury setting life imprisonment as the penalty. Post-trial motions were filed, but were later withdrawn on July 14, 1958 on the advice of counsel.

On March 8, 1965 relator filed a petition for a writ of habeas corpus in the Court of Common Pleas of Philadelphia County. That petition alleged that the confession allegedly made by relator and introduced at his trial was coerced. The petition was heard in April of 1966 and denied in a detailed opinion filed November 9, 1966 by Judge Greenberg. On appeal to the Supreme Court of Pennsylvania, the denial was affirmed per curiam. Commonwealth ex rel. Floyd v. Rundle, 424 Pa. 645, 227 A.2d 497 (1967).

A petition for writ of habeas corpus was filed by relator in this Court on August 9, 1967. It alleged (1) that he was deprived of his right to appeal with the assistance of counsel; and (2) that he was deprived of his right to appeal concerning the voluntariness of his alleged confession. This Court denied the petition in a Memorandum and Order dated January 18, 1968 on the grounds that relator had not exhausted his state remedies with respect to the first claim, and that otherwise he raised no constitutional question. United States ex rel. Floyd v. Rundle, 281 F.Supp. 178.

On May 24, 1968 relator filed a petition under the Pennsylvania Post-Conviction Hearing Act, 19 Pa.Stat.Ann. §§ 1180–1 et seq., essentially alleging that he had been denied the effective assistance of counsel and the right to direct appeal. The petition was listed for hearing on July 1, 1968 but was continued until further notice for the appointment of private counsel. It has not been re-listed.

Relator's present petition was filed with this Court on July 31, 1969. He therein asserts that the Commonwealth has been guilty of inordinate delay in deciding his post-conviction petition filed in 1968. For that reason he asks this Court to assume jurisdiction.

Telephonic communications with the Court of Quarter Sessions revealed that neither the original nor a copy of the 1968 post-conviction petition is contained in relator's official file. This fact accounts for the Commonwealth's failure to list the petition for hearing.

In considering relator's request that this Court assume jurisdiction, a balance must be struck between competing goals. On the one hand we must be mindful of the precept that state courts should have the first opportunity to consider and correct constitutional violations alleged to have occurred in their trials. Equally important is the potential for injustice occasioned by inordinate delay in the disposition of a post-conviction petition. Weighing these two considerations, the Court feels obliged in this instance to make one final plea for state action before assuming jurisdiction. With this in mind we have recently communicated with the Court of Quarter Sessions. This Court has been informed pursuant to that communication that a copy of relator's 1968 post-conviction petition will immediately be inserted in his official file and listed for hearing. On the basis of these representations, relator's present petition will be denied without prejudice to him to refile the petition if a state listing has not occurred within thirty (30) days of the date hereof. United States ex rel. Johnson v. Rundle, 286 F.Supp. 765 (E.D.Pa. 1968); United States ex rel. Rought v.

Pike County, Pa., 286 F.Supp. 405 (E.D. Pa. 1968); United States ex rel. Harper v. Rundle, 279 F.Supp. 1013 (E.D.Pa. 1967).