**James PRESCHER, Appellee,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellant.**

**No. 273–70.**

United States Court of Appeals,
Tenth Circuit.

Sept. 9, 1970.

Edward G. Collister, Jr., Asst. Atty. Gen. of Kan., Topeka, Kan. (Kent Frizzell, Atty. Gen. of Kan., Topeka, Kan., on the brief), for appellant.

Arthur T. Voss, Denver, Colo. (Gerald Cunningham, Denver, Colo., on the brief), for appellee.

Before BREITENSTEIN, HILL and HOLLOWAY, Circuit Judges.

HILL, Circuit Judge.

The Warden of the Kansas State Penitentiary appeals the district court order granting Prescher's writ of habeas corpus. That order called for Prescher's immediate release from the penal insti-

tution, on the finding that due process had been denied petitioner by the Kansas Supreme Court's failure to speedily process a post-conviction appeal. The habeas corpus petition made the due process argument and also contended that the sentence was in excess of statutory limits. The lower court, after a hearing on the appeal delay issue, found a constitutional impairment and ordered petitioner's release.

After trial by jury, Prescher was found guilty and on January 17, 1962, was sentenced to a ten to twenty-five year term for second degree murder. In October, 1968, Prescher sought to vacate the sentence under K.S.A. 60–1507, the Kansas post-conviction remedy statute. In early November, 1968, a hearing was conducted in the state sentencing court and the requested relief was denied. Notice of appeal to the Kansas Supreme Court was filed January 31, 1969, and on February 11, 1969, counsel was appointed to represent the appealing petitioner.

In mid-April, 1969, Prescher filed a petition for a habeas corpus writ in the United States District Court. Technical reasons caused its dismissal. On June 25, after the federal court was satisfied that the 1507 appeal was being duly processed, a motion for rehearing was denied. Subsequently, on March 25, 1970, upon petitioner's statement that nothing was being done to process his appeal, the federal court reopened the case and on April 17, 1970, the aforementioned hearing was conducted.

At the evidentiary hearing, several crucial facts were related to the federal court. It was stated that on April 6, 1970, the office of the Attorney General filed a motion in the Kansas Supreme Court requesting an order directing counsel for Prescher to file his brief within twenty days; and that such order was issued April 8, 1970. That order further notified Prescher's counsel

that the case would be heard at the June, 1970, session. The court was also informed that oral argument on the 1507 appeal had been set for June 9, 1970, and would have been heard at the May session but for an already full calendar.

There are two issues in this case. The first concerns inordinate delay in processing post-conviction appeals, as that relates to exhaustion of state remedies. The second is whether delay, found to be inordinate and exhaustive of state remedies, is ipso facto a denial of due process and adequate ground to discharge a prisoner without giving consideration to the merits of the original state post-conviction action.

■ ■ We consider first the question of exhaustion. The principle and rationale of the doctrine have been previously considered by this court [1] and we will not reiterate here. K.S.A. 60–1507 provides Kansas state prisoners with a state court remedy exactly commensurate with 28 U.S.C. § 2255. In the face of such statute, federal courts must under 28 U.S.C. § 2254, defer from ruling on the merits of habeas corpus petitions by state prisoners until the state courts have had reasonable opportunity to decide the claims. Under section 2254(b), deference will be observed unless (1) petitioner has exhausted his state remedies; (2) there is an absence of state remedies; or (3) circumstances exist which render such process ineffective to protect a prisoner's rights.

The gravamen of the claim here is that because of the fifteen month delay between the time of filing the 1507 appeal and the filing of the federal habeas corpus petition, all state remedies have been effectively exhausted. Earlier cases in this court have announced that inordinate, excessive and inexcusable delay in processing post-conviction appeals is a circumstance which may interdict the necessity of technical exhaustion requirements.[2] But this case presents

1. Way v. Crouse, 421 F.2d 145 (10th Cir. 1970); Smith v. State of Kansas, 356 F.2d 654 (10th Cir. 1966).

2. Way v. Crouse, 421 F.2d 145 (10th Cir. 1970); Jones v. Crouse, 360 F.2d 157 (10th Cir. 1966); Smith v. State of

unique facts which relieve the state of responsibility for the lengthy delay. And it is these special circumstances which, in the careful exercise of sound state-federal relations, compel us to our conclusion concerning the disposition of the appeal.

In Jones v. Crouse, Warden, 360 F.2d 157, 158 (10th Cir. 1966), we ruled that if the state has not discriminated against the petitioner in the process of his appeal, if the state has not denied him due process, and if special circumstances do not require prompt federal intervention, the petition should be dismissed for failure to exhaust state remedies.

The nonpresence of discrimination in the 1507 appeal begins and ends with the knowledge that in Kansas, the average post-conviction appeal requires, at minimum, twelve to fourteen months, and on occasion as long as eighteen months. We have, on prior occasions, grappled with the problems caused, in part, by such lengthy delays.[3] Needless to say, delays of such duration culture grave concerns in the realm of due process.

■ Although that concern is present in this case, we conclude that the bulk of the delay is attributable to causes beyond the state's control. K.S.A. 60–1507 provides that a prisoner may file a motion in the sentencing court attacking the validity of the conviction; Prescher did that. The state trial court may then order a hearing and appoint an attorney to represent the prisoner in the hearing; Prescher had court-appointed counsel at the 1507 hearing. If an adverse judgment is rendered, an appeal may be taken to the Kansas Supreme Court and an attorney will be appointed to represent the appellant in that proceeding; a lawyer was appointed for Prescher's appeal and an appeal was timely filed in the Supreme Court. In the Order and Memorandum of June 25, 1969, denying Prescher's rehearing motion, the federal court found that although the case had not been docketed the lawyer was at work on the designation of the record and that the appeal was being duly processed. To that point, all but Prescher agreed that there had been no inordinate delay.

The main evidence of the occurrences between June 25, 1969, and April, 1970, was related in the evidentiary hearing by the only witness, Prescher's court-appointed counsel. His statement was that on several occasions the Kansas Attorney General's office had inquired into the status of the appeal. Specifically he recalled that on May 16, 1969, and August 18, 1969, the State corresponded to encourage the expeditious processing of the appeal. And on April 6, 1970, the Attorney General's office requested that the Kansas Supreme Court direct the appointed counsel to file a brief in twenty days. On April 17, 1970, the brief was said to finally be in the hands of a printing company and was being reproduced.

That the delay was caused by other than the state appeal apparatus is evident from the appointed lawyer's explanation. He related that he originally had difficulty in getting the trial transcript. Then after studying the case, as well as Prescher's allegations, the attorney's progress was nearly brought to a standstill as he attempted to find and support a tenable legal theory for the appeal. Another entanglement was involved in attempting to get the record on appeal. Once the brief was prepared, the attorney had further problems with the printers, who refused to print without advanced payment. That involved a vouchering process with the state indigent fund, which consumed more time. Apparently the brief was then withdrawn from the first printers and was next given to another printing company which apparently completed the job in time for argument.

---

Kansas, 356 F.2d 654 (10th Cir. 1966); Kelly v. Crouse, 352 F.2d 506 (10th Cir. 1965).

3. See cases cited in footnotes 1 and 2.

It is abundantly apparent from the hearing that even if the Attorney General had requested argument in the Supreme Court in mid-1969, Prescher's lawyer could not have complied. We are not alone in ruling that a delay caused by court-appointed counsel is not imputed to the state,[4] particularly where the state has attempted to expedite the processing of the appeal.

In light of the foregoing, we cannot appreciate the existence of special circumstances calling for federal court intervention here. Indeed, the knowledge that the Kansas Supreme Court had set the case for argument is a countervailing fact which, at least ought to have prompted a continuance. Under the circumstances of this case, comity called for extended deference until the imminent state court action was completed.[5]

Having found the absence of inordinate, excessive and inexcusable delay, we need not further consider whether such a delay ipso facto equates with illegal detention cognizable under 28 U.S.C. § 2241. We only note that in previous cases we treated the issue in the context of exhaustion and either required a hearing on the merits of the original habeas corpus claims [6] or refused to grant the writ upon grounds that the delay was not constitutionally excessive.[7]

The order granting the writ of habeas corpus is set aside and the case is remanded for disposition consistent with this opinion.

---

4. *See* United States ex rel. Coates v. Johnston, 303 F.Supp. 421 (E.D.Pa. 1969); United States ex rel. Harper v. Rundle, 279 F.Supp. 1013 (E.D.Pa.1967); United States ex rel. Shelton v. Rundle, 278 F.Supp. 819 (E.D.Pa.1968); *Cf.* Williams v. Holman, 239 F.Supp. 173 (M.D.Ala.1965).

5. On or about June 26, 1970, the appealed case of Prescher v. State of Kansas, 471 P.2d 349 (1970) was decided by the Kansas Supreme Court. In the course of that opinion, the court ruled on the same issue as posed by Prescher's second federal habeas corpus allegation, *i. e.*, that his

sentence was in excess of statutory limits. The Kansas Court said that the sentence of not less than ten years nor more than twenty-five years was a proper sentence for murder in the second degree under G.S.1949 (now K.S.A.) 21–403 and 21–109.

6. Way v. Crouse, 421 F.2d 145 (10th Cir. 1970); Jones v. Crouse, 360 F.2d 157 (10th Cir. 1966); Smith v. State of Kansas, 356 F.2d 654 (10th Cir. 1966).

7. Kelly v. Crouse, 352 F.2d 506 (10th Cir. 1965); Lee v. State of Kansas, 346 F.2d 48 (10th Cir. 1965).