989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Almer K. GOLDSMITH, Jr., Petitioner-Appellant,
v.
Roy CHAMPION, and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 92-6327.
 United States Court of Appeals, Tenth Circuit.
 March 19, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Goldsmith, a state inmate, appeals the denial of habeas corpus relief.
 
 
 3
 Mr. Goldsmith was convicted on June 19, 1990 of possession of cocaine with intent to distribute after former conviction of two or more felonies and sentenced to forty years imprisonment. Mr. Goldsmith, who was represented by retained counsel, appealed his conviction to the Oklahoma Court of Criminal Appeals, and filed his brief-in-chief on April 29, 1991. Mr. Goldsmith's direct appeal came of issue on June 28, 1991, when the state filed its timely response brief.
 
 
 4
 Mr. Goldsmith filed his pro se habeas corpus petition with the federal court on July 22, 1992. Mr. Goldsmith adopts by reference his brief-in-chief, as filed with the Oklahoma Court of Criminal Appeals, and the claims stated therein. Mr. Goldsmith further alleges denial of due process as the Oklahoma Court of Criminal Appeals has yet to hear his direct appeal "because of that court's overwhelming backlog of unresolved appeals." He asserts the delay "prejudices his ability to defend himself at ... a new trial" and argues "the state's inordinate delay ... bars the ... requirement of exhaustion."
 
 
 5
 The district court first found this case should not be joined with the cases consolidated for hearing pursuant to Harris v. Champion, 938 F.2d 1062 (10th Cir.1991), reasoning it to be distinguishable as Mr. Goldsmith was represented in his direct appeal by retained counsel and the state court briefs were timely filed with no extensions.
 
 
 6
 The district court then dismissed Mr. Goldsmith's habeas corpus petition, without prejudice, after concluding the delay was not inordinate and therefore Mr. Goldsmith had to exhaust his state remedies.
 
 
 7
 Mr. Goldsmith appeals arguing that thirteen months, which extends from the date his direct appeal came of issue to the date he filed his federal habeas corpus action, with no decision by the Oklahoma Court of Appeals is an inordinate delay.
 
 
 8
 "[A] state [inmate] is relieved of his obligation to exhaust his state remedies whenever there has been excessive and unjustified delay in the disposition of his state direct or post-conviction remedy proceeding." Harris, 938 F.2d at 1064 (quoting D. Wilkes, Federal and State Postconviction Remedies and Relief §§ 8-19, at 186 (1987)). In Prescher v. Crouse, 431 F.2d 209, 210-11 (10th Cir.1970), we held a fifteen month delay in waiting for an appeal was not necessarily inordinate.
 
 
 9
 We cannot hold, under the facts of this case, that thirteen months is an inordinate delay. Mr. Goldsmith fails to demonstrate why the delay is unjustified or how the delay caused him prejudice, instead, he claims that the mere passage of thirteen months time supports his due process claim. The record on appeal is void of any details which might help us resolve whether thirteen months is excessive delay in this case. While a thirteen month delay raises constitutional concerns, we will not hold, under these circumstances, that Mr. Goldsmith's delay is excessive or unjustified. Therefore, Mr. Goldsmith must first exhaust his state remedies. Since the district court dismissed the habeas corpus petition without prejudice, Mr. Goldsmith is not precluded from again petitioning for habeas corpus relief should he be able to show any further delay to be both excessive and unjustified.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3