**F I L E D**

**UNITED STATES COURT OF APPEALS**

**DEC 14 2004**

**TENTH CIRCUIT**

---

ROY DON ROBERTSON,

      Plaintiff-Appellant,

v.

STATE OF UTAH,

      Defendant-Appellee.

No. 04-4156
(D.C. No. 2:04-CV-400-TS)
(Utah)

---

**ORDER**[*]

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

Roy Don Robertson, a state prisoner proceeding *pro se*, applies for a

certificate of appealability (COA) to challenge the district court's denial of his

petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Robertson also

seeks leave to proceed *in forma pauperis* (*ifp*) on appeal. Exercising jurisdiction

under 28 U.S.C. § 2253(c)(1), and construing Mr. Robertson's *pro se* application

liberally, *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998), we see no basis

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore submitted without oral argument.

for appeal and deny COA and the request to proceed *ifp*.

Mr. Robertson was convicted of aggravated burglary, unlawful possession of a controlled substance, and aggravated assault in Utah state court. He was sentenced to serve five years to life and his case is currently being reviewed by the Utah Court of Appeals. Mr. Robertson nonetheless filed a § 2254 petition in federal court, alleging violations of the Fifth Amendment's prohibition against double jeopardy and his Sixth Amendment right to effective assistance of counsel, and contending that the court which sentenced him lacked jurisdiction to do so. The district court rejected his petition on the ground that Mr. Peterson had not yet exhausted his state court remedies.

Section 2254(b) mandates that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." § 2254(b)(1)(A). *See also Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). In his § 2254 petition, Mr. Robertson acknowledged that he has an appeal pending in state court. Rec., doc. 3 at 2. The district court held that "[o]n the basis of failure to exhaust, then, this federal petition is barred because of Petitioner's pending [state court] appeal." Rec., Vol. I, doc. 10 at 2. The court dismissed Mr. Robertson's § 2254 petition without prejudice.

Issuance of a COA is jurisdicitional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c)(2). When a district court has dismissed a habeas petition on procedural grounds, a certificate will issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having reviewed the district court's ruling, the record on appeal, and Mr. Robertson's submissions to us, we conclude that jurists of reason would not find debatable the district court's ruling that Mr. Robertson had not yet exhausted his state court remedies.

We **DENY** Mr. Robertson's requests for a COA and to proceed *ifp*, and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge