**Robert Lee KELLY, Appellant,**

v.

**Sherman H. CROUSE, Warden, Appellee.**

**No. 8200.**

United States Court of Appeals
Tenth Circuit.

Nov. 4, 1965.

Richard C. McLean, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PER CURIAM.

Petitioner appeals from an order of the Kansas District Court dismissing his petition for writ of habeas corpus without hearing and without affording assistance of counsel to enable him to show that he has been denied due process of law in the Kansas state courts. Specifically he complains of denial of his equal right of appeal from a state court order denying a Motion to Vacate Sentence and Judgment. He says that permission to appeal to the Kansas Supreme Court has been granted, but his state appointed counsel has done nothing nor has the Supreme Court of Kansas taken any action.

When the matter came on for hearing in this court after leave to appeal in forma pauperis and the appointment of counsel, the Attorney General of Kansas represented at the bar that the appeal to the Supreme Court of Kansas was being processed in regular order. Thereafter the Attorney General informed the court by letter to the Clerk that petitioner's " * * * post conviction proceeding under K.S.A. 60–1507 was docketed in the Supreme Court of Kansas on September 22, 1965, as Kelly v. State, No. 44,446", and that under the applicable rules of the Kansas court, appointed counsel " * * * has 25 days within which to file his brief, and the State has 25 days thereafter in which to file its brief. Thereafter, the case will be heard on oral argument in the Supreme Court." He also advised that he was " * * * planning to file a motion requesting the Court to give the case an early hearing." While delay of the post-conviction remedy may very well work a denial of due process, i. e. see Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Chase v. Page, 10 Cir., 343 F.2d 167, it affirma-

tively appears here that the state court appeal is being prosecuted in accordance with the requirements of due process. The judgment of the trial court was clearly right, and it is affirmed.