**James William SMITH, Appellant,**

v.

**STATE OF KANSAS, Appellee.**

**No. 8475.**

United States Court of Appeals
Tenth Circuit.

Feb. 7, 1966.

---

Walter L. Gerash, Denver, Colo., for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas (Robert C. Londerholm, Atty. Gen., on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

MURRAH, Chief Judge.

The crux of petitioner's complaint in this habeas corpus proceedings is that he has been denied due process of law in the Kansas sentencing court by inordinate delay in the adjudication of his asserted post-conviction remedy under K.S.A. 60–1507, and that he is, therefore, entitled to invoke federal habeas corpus to test the legality of his state restraint. The trial court discharged the writ on the ground that petitioner had not exhausted his pending state court remedy.

The Kansas post-conviction statute (60–1507) is patterned after the federal post-conviction statute (2255) and, like its federal counter-part, is necessarily intended to provide in the sentencing court a remedy "exactly commensurate" with federal habeas corpus. See Bratt v. Crouse, 10 Cir., 346 F.2d 146, citing Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; State v. Richardson, 194 Kan. 799, 399 P.2d 799; Cf. Patterson v. Hampton, November 1965 Term, 10 Cir., 355 F.2d 470. This means, of course, that the statute must be construed to afford a "swift and imperative remedy in all cases of illegal restraint or confinement". See Fay v. Noia, 372 U.S. 391, 400, 83 S.Ct. 822, 828, 9 L.Ed.2d 837. And, " * * * if the imprisonment cannot be shown to conform with the fundamental requirements of law, the [petitioner] is entitled to his immediate release." Id., 402, 83 S.Ct. p. 829. By these standards all forms of illegal restraint are and must be judged in any proceedings in the nature of habeas corpus. Consistently with this concept, the Kansas statute does by its express terms provide for a "prompt hearing" to determine issues of fact and law arising from the petitioner's claim of il-

legal restraint, i. e. see K.S.A. 60–1507 (b).

The salient facts are that in April, 1964, petitioner was sentenced on his plea of guilty to two state charges (second degree burglary and grand larceny). After commencement of the sentence and on September 14, 1964, petitioner filed a motion to vacate pursuant to 60–1507 claiming inter alia that his guilty plea was coerced by threats and apprehension of duress. The petition was first denied without hearing. On rehearing the sentencing court appointed counsel and conducted a hearing on December 30, 1964, and January 12, 1965. After determining that petitioner's presence at the hearing was unnecessary, the case was taken under advisement until March, 1965, when the court entered an order and memorandum opinion denying the motion to vacate. Notice of appeal was filed and the trial court reappointed the same attorney to represent petitioner on appeal. Petitioner objected to the reappointment of the attorney, and the attorney filed a motion to withdraw. While this motion was under advisement and in the latter part of June, 1965, this petition for writ of habeas corpus was filed in the Kansas federal court. The petition alleged substantially the same grounds for relief as in the state court. The state answered pleading failure to exhaust the pending state remedy. In its order denying a motion for reconsideration the trial court observed that " * * * the delay in filing of the record may have been occasioned by the withdrawal of the attorney originally appointed to represent the petitioner on appeal", and further that " * * * the rules of the Kansas Supreme Court provide for the appointment of new counsel * * *" and the federal court would not assume that the Kansas court would disregard its own rules. The motion for reconsideration was treated as a notice of appeal, and a certificate of probable cause and an order permitting appeal in forma pauperis was entered. On December 27, 1965, and while this appeal was pending, the state Attorney General filed with this court an order of the sentencing court dated December 14, 1965, sustaining the trial counsel's motion to withdraw and appointing other counsel to represent the petitioner on appeal. Also filed with the Clerk of this Court is a certificate of the Clerk of the Kansas Supreme Court certifying that the record on appeal in the state court was docketed December 18, 1965.

 Under the well recognized principles of comity as codified by statute, see § 2254, the federal courts will not interfere with the processes under law which the state has erected for the purpose of redressing unconstitutional restraints. " '[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *.' Rooted in considerations of comity, it is 'a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.' " See Hunt v. Warden, Maryland Penitentiary, 4 Cir., 335 F.2d 936, quoting Fay v. Noia, supra, 372 U.S. 420, 83 S.Ct. 822. But, the salutary doctrine of exhaustion of remedies, rooted as it is in comity, goes not to jurisdiction but to the appropriate exercise of it. See Hunt v. Warden, Maryland Penitentiary, supra, and cases cited. The federal courts have the inescapable duty to entertain a solid claim of an unconstitutional restraint by a state under color of its law, and jurisdiction is not defeated by anything which may occur in the state proceedings. See Fay v. Noia, supra, 372 U.S. 426, 83 S.Ct. 822; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Chase v. Page, 10 Cir., 343 F.2d 167, 171. Consistently with these inexorable principles we have recognized that inordinate delay in the adjudication of an asserted postconviction remedy may very well work a denial of due process cognizable in the federal court. See Kelly v. Crouse, 10 Cir., 352 F.2d 506.

According to these undisputed facts, more than one year elapsed from the time of filing of the 60–1507 motion to vacate and the entry of an appealable order. There is nothing in this record to indicate a disposition to accord the petitioner the "swift and imperative remedy" to which he is plainly entitled. Cf. Kelly v. Crouse, supra, Finan v. Crouse, 10 Cir., 352 F.2d 507. It may well be that the petioner's rather sketchy claims are wholly groundless, but he is entitled to his remedy either in the state or federal forum.

The case is accordingly reversed and remanded to the trial court with directions to take such steps as it deems necessary to secure petitioner's right to a prompt hearing on his claim of unconstitutional restraint.