Robert Jackson JONES, Appellant,

v.

Sherman H. CROUSE, Warden, Appellee.

No. 8584.

United States Court of Appeals
Tenth Circuit.

April 19, 1966.

Charles S. Fisher, Jr., Topeka, Kan., for appellant.

Park McGee, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

HILL, Circuit Judge.

Petitioner, an inmate of the Kansas State Penitentiary, appeals from an order dismissing his petition for a writ of habeas corpus which was entered without a hearing.

The record discloses that Jones entered a plea of guilty in the District Court of Pratt County, Kansas, on September 9, 1963, to an information charging forgery in the second degree and passing and uttering a forged check. He was sentenced to a term of one to ten years on each of the two counts, with the sentences to run concurrently. No direct appeal was taken from the judgment and sentence but appellant on July 15, 1964, attacked them by motion under K.S.A. 60–1507. On August 5, 1964, the sentencing court summarily denied the motion. Jones then filed a notice of appeal and the sentencing court thereafter on August 18, 1964, entered an order permitting him to appeal in forma pauperis. On March 17, 1965, an attorney was appointed by the sentencing court, pursuant to Kansas Supreme Court Rule 121 promulgated October 16, 1964, to represent Jones in his state appeal. The record is silent as to what has happened in the state appeal, so we must assume it has not been argued or decided.

Jones, on March 1, 1965, filed his petition for a writ of habeas corpus in the court below and on April 5, 1965, it was dismissed without an evidentiary hearing and upon the basis of the pleadings, files and records. The petition, drawn by the petitioner, recites in layman's language that the plea of guilty was not understandingly made and a denial of counsel.

The trial court denied the petition without a hearing because petitioner had not exhausted his state remedies and there was no showing that such remedies were inadequate or ineffective.

We agree that Jones had not exhausted his state remedies but the record does show an unusual lapse of time since the notice of appeal was filed in the state trial court without a determination of the appeal. Petitioner pointed out this lapse of time in both his petition and traverse. Now, more than eighteen months have expired since the notice of appeal without a disposition of it.

■■ This court has said that mere lapse of time does not, in and of itself, constitute a denial of a constitutional right. Ballay v. Patterson, Warden, 10th Cir., Lee v. State of Kansas, 10th Cir., 346 F.2d 48. But an inordinate, excessive and inexcusable delay may very well amount to a denial of due process cognizable in federal court. Smith v. State of Kansas, 10th Cir., 356 F.2d 654; Kelly v. Crouse, Warden, 10th Cir., 352 F.2d 506. Without knowing the facts and circumstances giving rise to the delay, the trial court certainly could not properly conclude that the petitioner's state remedies are adequate and effective.

If an evidentiary hearing reveals that Jones has not been discriminated against in the process of his appeal, that his state appeal does conform to due process and that no special circumstances exist requiring prompt federal intervention in the case the petition should be dismissed for failure to exhaust state remedies. But, if the evidence shows discrimination, denial of process or the existence of special circumstances requiring federal intervention the case should proceed to a hearing upon the merits.

The order dismissing the petition is set aside and the case is remanded for proceedings consistent herewith.