**UNITED STATES of America ex rel. Francis O'HALLORAN**

v.

**Alfred T. RUNDLE, Superintendent.**

Misc. No. 3394.

United States District Court E. D. Pennsylvania.

Nov. 17, 1966.

Francis O'Halloran, pro se.

No appearance for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

This relator is attacking a sentence [1] imposed on January 4, 1952, by the Court of Quarter Sessions of Philadelphia County. According to the averments of this petition, relator filed a petition for writ of habeas corpus in the Court of Common Pleas of Philadelphia County on December 28, 1965, which was denied on May 2, 1966 without hearing. Following an appeal to the Superior Court of Pennsylvania as of No. 502, October Term 1966, on petition of the Commonwealth, the record was remitted to the lower court on September 12, 1966. Relator couples his substantive grounds for relief with an averment that, despite the pending state court litigation, he has been deprived of due process because of the "inordinate delay" by the state court.

In Smith v. State of Kansas, 356 F.2d 654 (C.A.10, 1966), the relator had sought post-conviction relief in the state courts of Kansas which had been undisposed of for over a year. The court said, at pages 656 and 657:

"* * * The federal courts have the inescapable duty to entertain a solid claim of an unconstitutional restraint by a state under color of its law, and jurisdiction is not defeated by anything which may occur in the state proceedings. * * * Consistently with these inexorable principles we have

_____

1. He does not tell us what the sentence was.

recognized that inordinate delay in the adjudication of an asserted post-conviction remedy may very well work a denial of due process cognizable in the federal court. * * * There is nothing in this record to indicate a disposition to accord the petitioner the 'swift and imperative remedy' to which he is plainly entitled. * * * "

However, we cannot be heedless of the salutary doctrine of comity, aimed at the respect of one sovereignty for another with concurrent powers. It is calculated to minimize friction between juxtaposed judicial systems and should be disregarded only under exceptional circumstances. "[I]t would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation * * *." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). Whether a state court has been guilty of "inordinate" delay in acting upon a habeas corpus petition is, of necessity, a question of comparatives. Delay that would be "inordinate" in Kansas may be reasonable and unavoidable in Philadelphia.

We have no quarrel with the principles announced and applied in Smith v. State of Kansas, supra. However, unlike *Smith,* where the post-conviction litigation had been undisposed of for over a year, this relator's pending state petition has really been before the Common Pleas Court for only two months. And we cannot help but be sensible of the avalanche of post-conviction proceedings under which the courts of Philadelphia County have been all but buried. For us to attempt to set here a specific deadline for state court action would be unseemly and, at least under the circumstances of this case and at this time, we refuse to do so.

The writ must be denied.

It is so ordered.