**UNITED STATES of America ex rel.
Gerald L. BRABHAM**

v.

**Alfred T. RUNDLE, Superintendent,
Graterford Correctional Institution.**

**Misc. No. 3828.**

United States District Court
E. D. Pennsylvania.

March 29, 1968.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter is before the Court for disposition of relator's petition for a writ of habeas corpus.

According to the allegations in his petition, relator was tried and convicted on several Bills of Indictment by a judge without a jury in the Court of Oyer and Terminer, Philadelphia County. He was sentenced to consecutive terms of two to six years on each bill and is presently serving his sentence at the State Correctional Institution at Graterford.

Although relator did not directly appeal his conviction and sentence, on January 18, 1968, he filed a Post Conviction Hearing Act (19 P.S. § 1180–1 et seq.) petition alleging a denial of certain constitutional rights. Although no disposition has as yet been made by the State Court of relator's post conviction petition, he has filed the present petition for a writ of habeas corpus alleging the same grounds for relief.

It is perhaps fundamental that before a Federal Court will entertain a petition for a writ of habeas corpus the petitioner must exhaust all available State remedies. 28 U.S.C. § 2254. Although the doctrine of exhaustion of State remedies is not a jurisdictional prerequisite to Federal habeas corpus, where a State has a post-conviction statute providing for consideration of petitions alleging denial of Federal constitutional rights, the State Courts should be afforded an opportunity to act with respect to the alleged denial. Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965);

United States ex rel. Singer v. Myers, 384 F.2d 279 (3rd Cir. 1967).

In that Pennsylvania has enacted a post-conviction statute which affords an available remedy to correct an abuse of Federal due process in the administration of its criminal laws, we feel compelled to abstain from acting on relator's habeas corpus petition pending an exhaustion of his post-conviction remedy. Although relator has applied for post conviction relief, in that no disposition has as yet been made of his petition, he has not exhausted his State remedies. Moreover, the failure of the State courts to pass upon relator's post-conviction petition as of this time does not constitute "inordinate delay" within the meaning of Smith v. State of Kansas, 356 F.2d 654 (10th Cir. 1966).

In my opinion, there is no probable cause for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849 (3rd Cir. 1968).

## ORDER

And now, this 29th day of March, 1968, relator's petition for a writ of habeas corpus is denied.