**404**

**Norman FILLMORE, Petitioner,**

v.

**STATE OF OKLAHOMA, Respondent.**

**Civ. No. 70–111.**

United States District Court,
E. D. Oklahoma.

June 26, 1970.

Norman Fillmore, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondent.

## ORDER

DAUGHERTY, District Judge.

■ Petitioner, a state prisoner, has filed various papers herein which the Court considers to be an application for a writ of habeas corpus on the ground that his state remedy of appeal is not adequate and effective because of excessive delay. Petitioner alleges that he filed his appeal in the Oklahoma Court of Criminal Appeals on May 19, 1969, and that no action has been taken thereon in the intervening time of approximately thirteen months. In response to an Order to Show Cause issued by this Court, the State replies that while Petitioner was granted leave to file an appeal without costs on that date, the record on appeal, which is his responsibility to prepare and file, was not presented for filing and filed until October 14, 1969. In Oklahoma, the record on appeal consists of a casemade or transcript of the trial proceedings and it is a jurisdictional prerequisite to the Oklahoma Court of Criminal Appeals' jurisdiction. 22 Okl. St.Ann. § 1060; Leigh v. Johnson, 440 P.2d 375 (Okl.Cr.1968).

■ Thus, Petitioner's appeal has been available to the Oklahoma Court of Criminal Appeals for consideration only since October 14, 1969, and some eight months have elapsed since that time. According to Jones v. Crouse, 360 F.2d 157 (Tenth Cir. 1966), mere delay in the disposition of a state appeal or other remedy is not a denial of a constitutional right, but that case also pointed out that a Federal District Court, without knowing the circumstances giving rise to an excessive delay, could not properly conclude that the state remedy being pursued was adequate and effective in the absence of an evidentiary hearing thereon.

■ However, the circumstances of this case do not call for this Court to

determine through the evidentiary hearing suggested by Jones v. Crouse, supra, whether Petitioner's appeal remedy is adequate and effective. In the *Jones* case, there was an unexplained delay of eighteen months, while here the delay is less than eight months at the present time and is satisfactorily explained. Such a delay of eight months is not deemed to be inordinate, excessive or inexcusable by this Court, especially in view of the fact presented by the affidavit of the Marshal of the Oklahoma Court of Criminal Appeals filed herein that on February 28, 1970, over five hundred cases were then pending before that three judge court.

Taking Petitioner's papers filed with the Court in this case as a Petition for Writ of Habeas Corpus, the same is denied.