**UNITED STATES of America ex rel. John Elwood LONG**

v.

**Alfred T. RUNDLE, Superintendent.**

**Civ. A. No. 71–151.**

United States District Court,
E. D. Pennsylvania.

April 16, 1971.

**212**

John Elwood Long, in pro. per.

W. Alan Williams, Asst. Dist. Atty. for Schuylkill County, Pa., Richard B. Russell, Dist. Atty. for Schuylkill County, Pa., for defendant.

## MEMORANDUM

BODY, District Judge.

Before the Court is the request of John Elwood Long for a writ of habeas corpus.

Relator was indicted on charges of armed robbery and carrying a firearm without a license (Nos. 153, 153A, March Term, 1965, Schuylkill County Court). After a plea of guilty, relator was sentenced to a term of seven to fourteen years imprisonment. He is presently incarcerated at the State Correctional Institution, Graterford, Pennsylvania.

Relator filed a petition in the state courts under the Pennsylvania Post Conviction Hearing Act, 19 Penn.Stat.Ann. § 1180–1 et seq. in February 1968, but to date there has been no disposition of his petition.

Relator has also filed two previous habeas corpus petitions in this Court. Both of these petitions raised substantially the same claim as relator now presents in his third petition: inordinate delay in the disposition of his PCHA petition entitles him to habeas relief. United States ex rel. Long v. Rundle, Misc. No. 4114 (E.D.Pa., Nov. 27, 1968); United States ex rel. Long v. Siegfried, Misc. No. 69–249 (E.D.Pa., Oct. 14, 1969).

It is clear that relator has here failed to exhaust his state court remedies, as required as a matter of comity by 28 U.S.C. § 2254. Since the requirement of exhaustion is not jurisdictional, it is possible that we might waive the requirement where a relator has suffered inexcusable delay at the hands of state courts in the disposition of his post-conviction petitions. Smith v. Kansas, 356 F.2d 654 (10th Cir. 1966); see United States ex rel. O'Halloran v. Rundle, 260 F.Supp. 841 (E.D.Pa.1966). Here, however, both the District Attorney in his Answer and this Court in its prior opinions with respect to this relator note that relator's own actions have in part resulted in the delayed disposition of his PCHA petition. In such a case, this Court will not waive the exhaustion requirement. United States ex rel. Cephas v. Rundle, Civil Action No. 71–213 (E.D. Pa., Feb. 10, 1971). We have also been informed that disposition of relator's PCHA petition is due to occur in the very near future and hence see no need at the present time to interfere with the proceedings in progress.

Accordingly, we will dismiss relator's petition for failure to exhaust state remedies as required as a matter of comity by 28 U.S.C. § 2254.