**UNITED STATES of America ex rel. Eddie RUTH**

v.

**Harry E. RUSSELL, Superintendent.**

**Civ. A. No. 70–1019.**

United States District Court,
E. D. Pennsyslvania.

May 10, 1971.

Eddie Ruth, in pro per.

Arlen Specter, Dist. Atty. of Philadelphia County, David Richman, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

MEMORANDUM.

BODY, District Judge.

Before the Court is the request of Eddie Ruth for a writ of habeas corpus.

Relator was indicted at June Sessions 1950 (Nos. 534, 535, 536, 548, 556 and 557) in Philadelphia County, Pennsylvania. He pled guilty to No. 557, a general charge of murder. A court en banc after taking evidence found relator guilty of murder in the first degree and sentenced him to life imprisonment. He is presently confined at the State Correctional Institution at Huntington, Pennsylvania.

Relator petitioned for a writ of habeas corpus in the Court of Common Pleas No. 8, Philadelphia County, to September Term 1965, No. 2019. His petition was dismissed. On June 24, 1966 the Pennsylvania Supreme Court vacated that dismissal and remanded the record for consideration of the contention that relator was denied at trial his right to assistance of counsel on appeal. On May 17, 1967 relator was granted the

right to file post-trial motions nunc pro tunc. These motions were filed in July 1968 and were initially argued before Judge Thomas Reed in June 1969. Judge Reed had the motions reassigned to be heard before an en banc court, a customary practice in Philadelphia County when post-trial motions involve a murder conviction. This Court has been informed that reargument before an en banc court will occur in the immediate future.

In his petition relator complains of the unnecessary delay in the disposition of his post-trial motions and of abandonment by his counsel. Both of these claims arise from the same cause: the long delay in ruling on relator's post-trial motions.

■ This Court is, of course, bound to examine whether relator has exhausted his state remedies, as required as a matter of comity by 28 U.S.C. § 2254. However, this requirement of exhaustion is not jurisdictional; in the past, where federal courts have felt that a relator has suffered inexcusable delay at the hands of state courts, they have waived the exhaustion requirement. Smith v. Kansas, 356 F.2d 654 (10th Cir. 1966); see Dozie v. Cady, 430 F.2d 637 (7th Cir. 1970); United States ex rel. O'Halloran v. Rundle, 260 F.Supp. 840 (E.D.Pa.1966); see also Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963).

■ The district attorney in his answer admits that relator has been subjected to a protracted delay. We agree. However, in view of the fact that disposition in the state courts is now imminent, and in view of the fact that relator in his petition cites no grounds, other than delay in his state post-conviction proceedings challenging his 1950 conviction, to challenge the conviction under which he is now in custody, we feel we must dismiss relator's petition due to his failure to exhaust his state remedies.