**Kennith L. BODY, Jr., Petitioner–Appellant,**

v.

**Gary WATKINS; Attorney General of the State of Colorado, Respondents–Appellees.**

No. 01–1556.

United States Court of Appeals, Tenth Circuit.

Oct. 16, 2002.

Before O'BRIEN and PORFILIO, Circuit Judges, and KANE,* Senior District Judge.

## ORDER AND JUDGMENT**

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Kennith L. Body, Jr., a state prisoner appearing pro se, appeals from the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition for failure to exhaust state remedies. We previously granted Mr. Body a certificate of appealability (COA) under 28 U.S.C. § 2253(c) on the issue of "whether inordinate delay in deciding Mr. Body's

post-conviction claims in the Colorado Courts is sufficiently long to avoid the exhaustion requirement." Order filed June 21, 2002 at 1. Mr. Body is also seeking a COA on the issue of whether the state court delay in adjudicating his post-conviction claims constitutes an independent due process and/or equal protection violation and thus an independent ground for federal habeas relief. We affirm the district court's dismissal of Mr. Body's habeas petition for failure to exhaust state remedies, and we deny his application for a COA on the due process and equal protection claims.

## I.

In 1990, following a jury trial in the District Court for the City and County of Denver, State of Colorado, Mr. Body was convicted of first-degree murder, aggravated robbery, and second-degree assault, and he was sentenced to life imprisonment. On direct appeal, the Colorado Court of Appeals affirmed Mr. Body's conviction, and the Colorado Supreme Court denied his petition for a writ of certiorari.

In February 1993, Mr. Body filed a post-conviction motion under Colo. R.Crim. P. 35(c) in Denver District Court, asserting that he received ineffective assistance from his trial counsel and that the aggravated robbery conviction was unlawful under Colorado law. The Denver District Court appointed counsel to represent Mr. Body, and, over the course of the last nine years, Mr. Body and/or his counsel have filed four supplements to Mr. Body's post-conviction motion. However, as set forth below, Mr. Body's post-conviction motion was

---

* The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

still pending in Denver District Court as of July 31, 2002.

In February 2001, Mr. Body filed his federal habeas petition in the United States District Court for the District of Colorado. In his petition, Mr. Body asserted that the excessive delay in the Denver District Court post-conviction proceeding constituted an independent due process and/or equal protection violation entitling him to federal habeas relief. R., Vol. I, Doc. 3, at 6–6a. He also reasserted a number of the substantive claims he asserted in the post-conviction proceeding, and, construing his petition liberally, Mr. Body argued, in the alternative, that the delay in adjudicating his post-conviction motion should excuse his failure to exhaust his post-conviction claims. *Id.* at 6a–6b. In response to Mr. Body's petition, respondents argued, among other things, that the petition should be dismissed because Mr. Body had not exhausted his state remedies. To support their exhaustion argument, respondents submitted a certified copy of the Denver District Court clerk's record of the post-conviction proceeding to the district court. *See* R., Vol. II. The record showed the course of the Denver District Court proceedings through April 2001, and it established that Mr. Body's post-conviction motion was still pending in Denver District Court as of April 2001.

In November 2001, the federal district court entered an order dismissing without prejudice Mr. Body's habeas petition for failure to exhaust state remedies. In analyzing the exhaustion issue, the district court concluded that the several attorneys who have been appointed to represent Mr. Body during the course of the Denver District Court proceedings are primarily responsible for the delay in adjudicating Mr. Body's post-conviction motion. As a result, the district court determined that the delay did not excuse the exhaustion requirement under § 2254(b)(1)(A). The district court did not address, however, whether the delay could constitute an independent due process or equal protection violation.

On appeal, Mr. Body again argues that the state court delay in adjudicating his post-conviction motion constitutes an independent due process and/or equal protection violation. He also again argues, in the alternative, that the delay in adjudicating his post-conviction claims excuses his failure to exhaust the claims, thereby permitting the district court or this court to consider the merits of the claims. In response to the latter argument and this court's prior order granting a COA on the exhaustion issue, respondents have filed a motion to supplement the record on appeal, seeking to supplement the record with: (1) a certified copy of the "Minute Orders" from the Denver District Court post-conviction proceeding, certified on July 31, 2002; and (2) a copy of Mr. Body's "Third Supplemental Motion for a New Trial," which his current counsel filed in Denver District Court on July 26, 2002. These documents show that Mr. Body's current counsel is still putting forth new evidence in the post-conviction proceeding to support Mr. Body's claim that he received ineffective assistance from his trial counsel. They also show that, as of July 31, 2002, the Denver District Court had still not ruled on Mr. Body's post-conviction motion. We grant respondents' motion to supplement the record on appeal with these documents.

## II.

1. Due Process and Equal Protection Claims

■ To be entitled to COA on his due process and equal protection claims, Mr. Body must make "a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Mr. Body must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

We deny Mr. Body's application for a COA on the due process and equal protection claims. First, with respect to the due process claim, it is well established that "no constitutional provision requires a state to grant post-conviction review." *Sellers v. Ward,* 135 F.3d 1333, 1339 (10th Cir.1998) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). "Moreover, because the constitutional error [Mr. Body] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." *Id.* (citing *Montgomery v. Meloy,* 90 F.3d 1200 (7th Cir.1996)); *accord Phillips v. Ferguson,* 182 F.3d 769, 772 (10th Cir. 1999) (holding that challenges to constitutionality of state post-conviction procedures are not cognizable as independent claims in federal habeas corpus actions). Thus, we have held that a due process challenge to a state's post-conviction procedures failed to state a federal constitutional claim cognizable in a federal habeas proceeding. *Steele v. Young,* 11 F.3d 1518, 1524 (10th Cir.1993).

Although this court has held that a delay in adjudicating a state prisoner's direct criminal appeal may give rise to an independent due process claim under certain circumstances, *Harris v. Champion,* 15 F.3d 1538, 1557 (10th Cir.1994), the holding in *Harris* has not been extended to state post-conviction proceedings,[1] and we agree with the Third and Seventh Circuits that state post-conviction delays do not give rise to independent due process claims that are cognizable under § 2254. *See Mason v. Myers,* 208 F.3d 414, 415, 417 (3d Cir.2000); *Montgomery,* 90 F.3d at 1205–06. In other words, "[d]elay in processing [a] collateral claim does not make the continued imprisonment of the defendant unlawful, and hence, does not warrant federal habeas corpus relief." *Montgomery,* 90 F.3d at 1206.

Second, with respect to Mr. Body's equal protection claim, the Seventh Circuit has indicated that federal habeas relief may be available if the state's conduct in a post-conviction proceeding violates a prisoner's right to equal protection. *See Jackson v. Duckworth,* 112 F.3d 878, 880 (7th Cir.1997). However, even if this is correct as a general proposition, Mr. Body failed to allege a single specific fact in his habeas petition to support his equal protection claim, and the conclusory allegation asserted on appeal in his opening and reply briefs that the State of Colorado is discriminating against indigent prisoners in its post-conviction proceedings is likewise unsupported by any specific facts. Further, while the Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the

---

1. Although this court has previously held that an inordinate delay in adjudicating a state post-conviction claim may constitute a due process violation, *see Jones v. Crouse,* 360 F.2d 157, 158 (10th Cir.1966), *Smith v. Kansas,* 356 F.2d 654, 656 (10th Cir.1966), and *Kelly v. Crouse,* 352 F.2d 506, 506 (10th Cir. 1965), these cases did not hold that an inordinate post-conviction delay can give rise to an independent due process claim that can be the basis for federal habeas relief. Instead, the cases were primarily concerned with the issue of whether a post-conviction delay can excuse the exhaustion requirement. *See Jones,* 360 F.2d at 158; *Smith,* 356 F.2d at 656–57; *Kelly,* 352 F.2d at 506–07. Consequently, the cases are not controlling for purposes of this appeal.

plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam), Mr. Body has not alleged, much less demonstrated, that the State of Colorado has intentionally discriminated against him in the post-conviction proceeding.

2. Exhaustion of State Remedies

■ A state prisoner's federal habeas petition "shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Thus, the issue before the district court was whether the delay in adjudicating Mr. Body's post-conviction motion rendered Colorado's post-conviction process ineffective, thereby excusing the requirement that he exhaust his post-conviction claims in the Colorado courts.

After summarizing the course of the Denver District Court proceedings through April 2001, *see* R., Vol. I, Doc. 17, at 2–4, the district court correctly concluded that the delay in adjudicating Mr. Body's post-conviction motion was primarily attributable to the several attorneys that have been appointed to represent him during the course of the post-conviction proceedings, *see id.* at 4–7. Because Mr. Body does not have a constitutional right to counsel in the post-conviction proceeding and is therefore precluded from claiming he received ineffective assistance from his post-conviction counsel, *see Smallwood v. Gibson*, 191 F.3d 1257, 1267 n. 4 (10th Cir.1999), and because there is no indica-

tion in the record that the Denver District Court has in any way precluded Mr. Body from moving to terminate his counsel's representation, we also agree with the district court that the conduct of Mr. Body's counsel, even if ineffective or neglectful, cannot excuse his failure to exhaust state remedies. *See* R., Vol. I, Doc. 17, at 6–7; *see also Sceifers v. Trigg*, 46 F.3d 701, 703–04 (7th Cir.1995) (holding that state habeas petitioner was not excused from exhaustion requirement where eleven-year delay in adjudicating state post-conviction claims was attributable to petitioner's own actions and the uninspired performance of his appointed counsel).

The district court's analysis has also been bolstered on appeal by respondents' showing that, on July 26, 2002, Mr. Body's current counsel filed yet another motion to supplement the post-conviction motion, adding new evidence to support Mr. Body's claim of ineffective assistance of trial counsel. *See* Attach. B to respondents' motion to supplement the record. Moreover, there is no indication in the information submitted by respondents that Mr. Body has complained to the Denver District Court about the current status of the case or his current counsel's representation, or that he has made any effort, separate and apart from his counsel, to request a ruling from the court on his post-conviction motion. Further, although Mr. Body's current counsel has requested a forthwith hearing in the supplemental motion she filed in Denver District Court on July 26, 2002, the Denver District Court initially invited Mr. Body to set his post-conviction motion for a hearing back in October 1998, *see* R., Vol. II, Order of Denver District Court dated October 20, 1998, and it appears that neither Mr. Body nor his counsel have ever responded to that invitation. Accordingly, we affirm the district court's dismissal of Mr. Body's habeas petition for failure to exhaust state

remedies for the same reasons set forth in the order of dismissal entered by the district court on November 6, 2001.

Finally, we also note that Mr. Body may seek mandamus relief in the Colorado Supreme Court to compel the Denver District Court to rule on his post-conviction motion. *See* Rule 21 of the Colorado Appellate Rules (providing for original mandamus actions in the Colorado Supreme Court). In addition, Colorado law provides that Mr. Body may file a complaint with the Colorado commission on judicial discipline demanding the withholding of the salaries of any Denver District Court judges that have failed to rule on his post-conviction motion within certain statutory time limits. *See* Colo.Rev.Stat. § 13–5–136. And while we need not decide for purposes of this appeal whether the exhaustion requirement in § 2254(b)(1) requires Mr. Body to resort to these remedies, the existence of these additional state remedies supports our conclusion that the exhaustion requirement should not be excused on the facts of this case.

The judgment of the district court is AFFIRMED. Mr. Body's application for a certificate of appealability on the due process and equal protection claims is DENIED. Respondents' motion to supplement the record on appeal is GRANTED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the