**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4662

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES RODERCK BROWN, a/k/a JB,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, Chief District Judge. (CR-04-87)

Submitted: August 29, 2008       Decided: September 10, 2008

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jane Moran, JANE MORAN LAW OFFICE, Williamson, West Virginia, for Appellant. Sharon L. Potter, United States Attorney, David E. Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Roderck Brown appeals from his conviction after pleading guilty to maintaining a drug involved premises in violation of 21 U.S.C.A. § 856(a)(1), (b) (West 2000 & Supp. 2008). On appeal, Brown argues that he received ineffective assistance of trial counsel during his guilty plea and sentencing proceedings. He also contends that the lengthy delay on appeal due to multiple substitutions of appointed counsel resulted in a violation of his due process rights. Finding no error, we affirm.

Brown alleges that trial counsel was ineffective because he did not zealously investigate defenses to the charges; did not throughly cross-examine the Government witness who testified to establish the factual basis for the plea; did not argue for a sentence of 180 months, the low end of the range specified in the plea agreement; and did not contest the quantity of drugs attributed or a firearm enhancement. Unless an attorney's ineffectiveness is apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)).

To succeed on a claim of ineffective assistance, Brown must show that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the first prong of Strickland, a defendant must demonstrate that counsel's performance "fell below an objective standard of reasonableness" under prevailing professional norms. Id. at 688. To satisfy the second prong of Strickland, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. However, to satisfy Strickland's second prong in the guilty plea context, a petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Brown does not contend on appeal that, but for trial counsel's alleged lack of a defense against the charge, he would not have pleaded guilty. At no time did Brown attempt to withdraw his plea, and he, in fact, affirmed at the plea hearing that he was satisfied with the services of his attorney. The Government had evidence of three controlled drug buys with recordings of the phone calls setting up the buys. The cocaine base received during the

buys was sent to and analyzed by a laboratory. In addition, the Government contended that nine persons who were involved in the drug activity were available to testify. Brown's co-defendant had also pleaded guilty and agreed to testify against Brown regarding the charges.

The remaining two ineffective assistance of trial counsel claims involve counsel's representation at sentencing. Brown claims that counsel should have filed objections to the presentence report and should not have agreed to a sentencing range of 210 to 240 months instead of 180 months as the lower range. He also claims that counsel did not contest evidence of drug amount and the gun enhancement. Brown affirmed that the 210 to 240 month Guidelines range was properly calculated at sentencing. Further, the gun enhancement was applicable because several witnesses stated that Brown often carried a firearm. The enhancement was not based on the presence of a firearm at the time of arrest. While a district court retains the discretion to apply a downward variance and therefore a 180-month sentence may have been a possibility, the Guidelines range was properly calculated, and the court considered the 18 U.S.C.A. § 3553(a) (West Supp. 2008) factors in crafting the sentence. Therefore, there appears to be no ineffective assistance in failing to challenge the Guidelines range calculation. In light of these and other facts, we conclude that ineffective assistance of trial counsel is not apparent on the face of the record and

4

therefore will not be addressed and is best adjudicated in a 28 U.S.C. § 2255 (2000) motion.

Next, Brown argues that the two-year and nine-month delay of this appeal resulted in a violation of his due process rights. Brown states that, because current appellate counsel could not recreate the entire case file of trial counsel, he was prejudiced. He also states he suffered anxiety because he was effectively without representation to appeal his 240-month sentence.

This court has recognized that an "undue delay in processing an appeal may rise to the level of a due process violation." United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984). In determining whether such a delay results in the denial of a speedy appeal, we adopted the four-factor speedy-trial test of Barker v. Wingo, 407 U.S. 514, 530 (1972). Johnson, 732 F.2d at 381-82. The four factors are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy appeal right; and (4) prejudice to the defendant. Johnson, 732 F.2d at 381-82 (citing Barker, 407 U.S. at 530). In Johnson, we held that the two-year delay in that case was "in the range of magnitude of delay as a result of which courts have indicated that due process may have been denied." 732 F.2d at 382.

Here, the two-year and nine-month delay alleged in this case would be sufficient to trigger the balancing test. See Smith v. Kansas, 356 F.2d 654, 657 (10th Cir. 1966) (recognizing

constitutional implications of one-year delay in appeal from post-conviction proceeding). The reason for the delay is entirely due to the need for substitute appellate counsel. Brown timely asserted his right to appeal. Therefore, the first three factors of the test weigh in Brown's favor.

Brown, however, still needs to demonstrate that he has suffered prejudice from the delay. Brown's brief confuses prejudice related to the ineffective assistance of trial claims, which are unrelated to the delay, and the prejudice related to appellate delay. Brown has now presented his claims, and they are without merit; therefore, his substantial rights have not been violated. Anxiety alone over case status is not sufficient to find that there was prejudice affecting Brown's substantial rights.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED