FILED
United States Court of Appeals
Tenth Circuit

June 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER CARR,

        Petitioner-Appellant,

v.

MIKE MILLER, Warden; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

        Respondents-Appellees.

Nos. 14-1033 & 14-1034
(D.C. Nos. 1:13-CV-01950-LTB &
1:13-CV-01951-LTB)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

      After Christopher Carr found himself convicted of various state charges

stemming from acts of forgery and theft, he sought relief on direct appeal and in

state habeas proceedings. When those avenues proved fruitless he turned to

federal court, filing a petition under 28 U.S.C. § 2254. The district court denied

relief and it is this result Mr. Carr now seeks to appeal.

      To obtain the right to appeal Mr. Carr must first win a certificate of

---

     [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealability. To accomplish that he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That, however, he has not done. As the district court explained, the bulk of Mr. Carr's claims are clearly barred by the statute of limitations. Petitions for relief under § 2254 must be made within one year from, as pertinent here, "the date on which the judgment [of conviction] became final." 28 U.S.C. § 2244(d)(1)(A). As the district court noted, the latest of Mr. Carr's convictions became final on April 8, 2002. Mr. Carr filed his federal habeas petition on July 22, 2013, more than ten years after his conviction became final. To be sure, the statutory limitations period is tolled during the pendency of state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). But Mr. Carr filed his first state habeas proceeding on November 17, 2003, well after the one-year limitations period expired. Mr. Carr's submission to this court identifies no fault in the district court's analysis on any of these scores. Neither does it present any argument as to why the limitations period should be equitably tolled.

Separate from his complaints about the processes leading to his state convictions, Mr. Carr also claims that the state courts took too long to decide his state habeas petition — longer than Colorado rules permit. And this, Mr. Carr contends, violated his federal due process rights. But there is no federal due process right to state collateral review. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). And this court and others have long declined to find federal due

process violations arising from delays in such optional state collateral proceedings. *See, e.g.*, *Body v. Watkins*, 51 F. App'x 807, 809-11 (10th Cir. 2002); *Mason v. Meyers*, 208 F.3d 414, 415-16 (3d Cir. 2000); *Jackson v. Duckworth*, 112 F.3d 878, 879-80 (7th Cir. 1997); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996). Neither in his submission to this court does Mr. Carr identify any persuasive reason to question the wisdom of these decisions.

The application for a COA and the request for leave to proceed *in forma pauperis* are denied. This matter is dismissed. Mr. Carr is reminded of his obligation to pay the filing fee in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge