83,101-02

November 1, 2015

Elijah Taylor
James V. Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367-

Abel Acosta
Clerk of Court
Court of Criminal Appeals Of Texas
Office of the Clerk
P.O. Box 12308
Austin, Texas 78711
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

RE: Ex Parte Taylor

Dear Clerk of Court

   Enclosed please find an original copy of the Motion For

Leave To File Relator's Original Petition For Writ Of Mandamus,

and an original copy of Relator's Original Petition For Writ Of

Mandamus to be filed with this Court.

   The Petitioner/Relator plead to this Honorable Court of

Criminal Appeals of Texas that he doesn't have access to a copier

nor does the prison he reside at enable prisoner's with access

to a copier, thus, Taylor request that this Honorable Court

supply the Dallas County District Attorney, Mrs. Susan Hawk with

the necessary copies.

   Your time and consideration is greatly appreciated. Thank you.

Sincerely,

Elijah Isaiah Taylor

/s/ Elijah Taylor

This document contains some
pages that are of poor quality
at the time of imaging.

Please forward a copy to:

Clerk of Courts
Frank Crowley Courthouse
133 N. Riverfront Blvd.
Dallas, Texas 75202

CAUSE NO. W-11-40599-K

NO. WR-83, 100-1

ELIJAH ISAIAH TAYLOR      §         IN THE

                             §

                             §         TEXAS COURT OF

                             §

EX PARTE                     §         CRIMINAL APPEALS

## MOTION FOR LEAVE TO FILE
### RELATOR'S ORIGINAL PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Eiljah Taylor, hereinafter styled Petitioner/Relator, pro se, and respectfully moves this Court for leave to file the attached Writ of Mandamus in his own behalf and would show the following:

### JURISDICTION

This Honorable Court maintains original jurisdiction under provisions afforded in the Texas Constitution in Article 5 § 3, and in the Code of Criminal Procedure in §§ 46.01, 46.11 and 39. 89.46. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex. Code of Crim. Proc. Ann. Article 11.07 § 5: After v

### ARGUMENT

The Petitioner/Relator has exhausted all administrative remedies required by the State of Texas prior to bringing this claim for relief in this Court.

The facts set forth in the attached Writ of Mandamus are undisputed, substantially true, and should be accepted as true by this Honorable Court.

## CONCLUSION

The Criminal District Court has been holding Petitioner/ Relator's Application for Writ of Habeas Corpus pursuant to Art. 11.07 since January 25, 2015, and the motions that were attached have been pending for the same amount of time. Taylor submitted his Motion for Judgement on Pending Motions on October 1, 2015, In accordance with Inre Tasby, 40 S.W.3d 190 (Tex.App. Texarcana 2001) as stated by Judge Grant "....a three month period is allowed for the court to make it's ruling. Tex. Rev. Judicial Admin?/ reprinted in Tex.Gov. Code Ann. tit.2, subtitle F. App. (Vernon 1998). This is a rule of judicial administration adopted by the Supreme Court of Texas, This rule is set forth in Rule 7(2), which requires a district or statutory county court judge to rule on a case within three(3) months after the case is taken under advisement." Petitioner/Relator humbly request that this Honorable Court consider this rule and compel the lower Court to grant him an Evidentiary hearing due to their inordinate delay in these proceedings which is a violation of his due process rights guaranteed by the Fifth and Fourteenth Amendment of the United States of America Constitution.

## PRAYER

Wherefore, premises considered, Petitioner/Relator pray that this Honorable Court grant his Motion For Leave To File Relator's Original Petition For Writ Of Mandamus and compel the lower Court to proceed with the hearings in the name of justice.

Respectfully Submitted,

/s/ Elijah Taylor
Elijah Taylor #1076071

## CERTIFICATE REGARDING SERVICE

I hereby certify that it is my belief and understanding that the Dallas County District attorney Susan Hawk, is a participant in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the notification of Electronic filing to be forwarded on November 1, 2015 upon the filing of the foregoing document.

/s/ *Elijah Taylor*
Elijah Taylor #1776071
James V. Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367-6568

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Elijah Taylor, do declare, certify, and verify under penalty of perjury that the above information is true and correct. Executed this 1st day of November, 2015.

/s/ *Elijah Isaiah Taylor Jr*
Elijah Isaiah Taylor
TDCJ-ID # 1776071

CAUSE NO. W-11-40599-K

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS


IN RE ELIJAH ISAIAH TAYLOR


---

SEEKING WRIT OF MANDAMUS DIRECTED TO THE
PRESIDING JUDGE OF THE CRIMINAL DISTRICT
COURT NO. 4, DALLAS COUNTY, TEXAS

CAUSE NO. F11-40599-K
WRIT NO. WR-83, 100-1

---


---

RELATOR'S ORIGINAL PETITION FOR WRIT OF MANDAMUS

---

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

## IDENTITY OF PARTIES

The parties in this case are:

1. Petitioner/Relator

   Elijah Isaiah Taylor
   TDCJ-ID #1776071
   James V. Allred Unit
   2101 FM 369 North
   Iowa Park, Texas 76367-6568

2. The State of Texas

   Susan Hawk
   District Attorney of Dallas County
   Frank Crowley Courthouse
   133 N. Riverfront Blvd.
   Dallas, Texas 75202

CAUSE NO. W-11-40599-K

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

NO. WR-83,100-1

IN re Elijah Taylor

---

## RELATOR'S ORIGINAL PETITION FOR WRIT OF MANDAMUS

---

TO THE HONORABLE JUDGES OF THE TEXAS COURT OF CRIMINAL APPEALS:

COMES NOW Elijah Taylor , the Petitioner, pro se and respect-

fully moves this Honorable Court to issue a Writ of Mandamus and

order the "Criminal District Court Number 4 of Dallas County,

Texas" to either grant or deny Petitioner's Motion for Appoint-

ment of Counsel; Motion for a Evidentiary hearing; Motion for the

Court To Take Judicial Notice; Motion To Recuse Habeas Corpus

Judge; and Motion for Ad Testificant. Petitioner also moves this

Honorable Court to compel the Habeas Court, pursuant to Article

11.07 Section 3(c) of the Texas Code of Crminal Procedure, to

have a Findings of Fact and Conclusion Hearing or an Evidentiary

Hearing, and forward the Supplemental Transcript to this Honor-

able Court of Criminal Appeals as ordered in a decree Per Curiam

by this Court on May 13,2015, and would show the following:

### I. JURISDICTION

Jurisdiction of this Court is invoked pursuant to the Texas

Code of Criminal Procedure, Sections 46.01, 46.11 and 89.46 and

under provisions afforded in the Texas Constitution Article V Section 3 or whatever applicable Texas Code of Criminal Procedure, statue or rule necessary to invoke jurisdiction of this Court. Article 11.07 vest complete jurisdiction over post conviction relief from final felony convictions in the Texas Court of Criminal Appeals. citing to Ex Parte Hoang, 872 S.W.2d 694, 697 (Tex.Crim.App. 1993) hold that "The Court of Appeals does not have jurisdiction to review post conviction Habeas corpus."

## II. STATEMENT OF THE CASE

Petitioner is illegally resrained of his liberty by the Texas Department of Criminal Justice-Institutional Division in the Allred Unit located at 2101 F.M. 369 North, Iowa Park, Texas 76367-6568 pursuant to an order of conviction imposing after being found guilty by a jury on March 23, 2012 of Capital Murder. Petitioner has been sentenced to Life Without Parole.

## III. ARGUMENTS AND AUTHORITIES

The Court of Criminal Appeals should issue a Mandamus to the Habeas Court Judge of the Criminal District Court Number 4 directing the Court to rule on Taylor's pending motions which are in conjunction with the Petitioner's pending Writ of Habeas Corpus pursuant to Article 11.07. These are the following pending motions:

1. Motion for Appointment of Counsel;

2. Motion for an Evidentiary Hearing;

3. Motion to Recuse Habeas Corpus Judge;

4. Motion for the Court to take Judicial Notice; and

5. Motion for Ad Testificant

## A. Pending Motions

Petitioner understands that the District court is busy with civil and criminal proceedings. His case is one of many, and he apologizes for any inconvenience caused. It may be that the Court plans to rule on his motions, or has an internal procedure for doing so. He simply ask that the Habeas Court make a decision on the pending motions so that he may proceed in the Habeas forum

Petitioner contends that in order for the Habeas Court to gain adequate assessment of the facts involved in this case it's imperative that these motions be adjudged. **Holmes v. S. Carolina, 126 S.Ct. (2006)** when the Supreme Court held that "by evaluating the strenght of only one parties evidence, no logical conclusion can be reached regarding the strength of contrary evidence offered by the other party to rebut or cast doubt."

## B. Inordinate Delay

The Habeas Court has been holding the Petitioner's motions under advisement since January the 25th 2015. Ten months is excessive and entirely to long. These motions are in conjunction with the Petitioner's Writ of Habeas Corpus pursuant to Article 11.07, in which this Honorable Court of Criminal Appeals via Per Curiam ordered the Habeas Court to resolve the issues within 90 days from the time the order was filed which was May 13, 2015.

This Court also ordered the Habeas Court to forward the supplemental transcript containing all affidavits and interrogatories or transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law within 120 days from the

above date. The Habeas Court has yet to follow the decree of this Honorable Court, and it's been forty(40) days past the ordered 120 days deadline. Petitioner contends that this is a violation of his Due Process rights guaranteed by the Fourteenth Amendment of the United States of America's Constitution. The 10th Court of Appeals in a remand stated: "This Court has said that a mere lapse of time does not, in and of itself, constitute a denial of a constitutional right. Ballay v. Patterson, Warden, 10th Cir. Lee v. State of Kansas, 346 F. 2d 48, But an inordinate, excessive delay may very well amount to a denial of Due Process cognizable in Federal Court." **Smith v. State of kansas, 356 F.2d 654 (10th Cir.); Kelly v. Krouse, Warden, 352 F.2d 506 (10th Cir.).**

An inordinate, excessive and inexcusable delay may very well amount to a denial of due process cognizable in Federal Court. **Smith v. Kansas, 356 F.2d 654, 655 (10th Cir. 1966) cert. denied, 389 U.S. 871, 88 S.Ct. 154 19 L.Ed.2d 151 (1967)** in holding that: "delays in processing defendants post-conviction motions for relief in the state courts deprive him of the swift and imperative remedy to which he was constitutionally entitled, and have hence the Federal District Court was ordered to consider the merits of Petitioner's claims for Federal habeas relief".

In an abundance of caution the Petitioner submitted a Motion for Judgement on the pending motions on October the 1st 2015, the Habeas Court yet and still failed to take heed, therefore, Petitioner humbly request that this Honorable Court acknowledge the fact that the Habeas Court has undoubtedly violated his Due Process rights and compel the court to hold a hearing on the

pending motions promtly, and to submit supplemental transcripts and answers as previously ordered by this Honorable Court.

Trial Court may not arbitrarily halt proceedings in a pending case, and mandamus will lie to compel a trial court to hear and rule on motions pending before it. **INre Tasby, 40 S.W. 3d 190** (?? **(Tex.App.-Texarkana 2001).** Judge Grant concurring with the ruling in Tasby in his opinion stated: "I agree with the majority opinion, but write separately to point out that even in a case which has been heard and then taken under advisement by the court [a three month period is allowed for the court to make it's ruling. Tex. R. Judicial Admin.7, reprinted in Tex. Gov. Code ??? Ann. tit.2, subtitle F. App. (Vernon 1998). This is a rule of judicial administration adopted by the Supreme Court of Texas] This rule is set forth in Rule 7(2), which requires a district or statutory county court Judge to rule on a case within 3 months after the case is taken under advisement."

In light of the concurring opinion of Judge Grant Petitioner asserts to this Honorable Court that in accordance with the very same rules that Judge Grant cited in his opinion, that the Habeas Court inexcusable, excessive delay is unacceptable and due to the tardiness of the Habeas Court he is entitled to mandamus action.

## C. Violation Of Article 11.07 of The Texas Code of Crim. Proc.

The District Clerk of Dallas County, Texas has a ministerial duty to recieve and file all papers in a criminal proceeding, and perform all other duties imposed on the clerk by law pursuant to TCCP Art. 2.21, and is responsible under TCCP 11.07 Sec. 3(c)

to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed and a certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved.

The District Clerk violated Article 11.07 Section 3(c) of the Texas Code of Criminal Procedure by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted. Petitioner has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure. In contrast to petitioner's efforts, the District Clerk has wholly failed to comply with the Texas Code of Criminal Procedure, Article 11.07 Section 3(c), is acting in bad faith, and has also failed to afford Petitioner the the professional and common courtesy of any written responses to his correspondence and request.

Article 11.07 Section 3(c) clearly states that "[i]f the convicting court decides that there are no such issues, the clerk shall immediately transmit [emphasis added] to the Court of Criminal Appeals a copy of the Application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days(or in this case 120 days)shall constitute such a finding." The Dallas County District Clerk and the Habeas Court Judge of the

Criminal District Court Number 4 is in violation of this procedure, ministerial duties, and thus the laws of this state.

## D. This Petition Satisfies The requirement For Issuance Of A Writ Of Mandamus

Petitioner has satisfied the requirements for issuance by this Court for a Writ of Mandamus.

1. The Relator/Petitioner has a justifiable interest.

Taylor must show that he has a justifiable interest in the dispute. See **Terrazas v. Ramirez, 829 S.W. 2d 712, 713 (Tex.1991)** He is incarcerated for Capital Murder and a proper evidentiary hearing may lead to exonerating him. His liberty constitutes a justifiable interest.

2. The Relator/Petitioner Has A Clear Right To Relief

Taylor must show that he has a clear and legal right to the performance of a certain act. **Tilton v. Marshall, 925 S.W. 2d 672, 682 (Tex.1996).** Taylor has done so. He is entitled to a ruling pursuant to Article 11.07 of the Texas Code of Criminal Procedure.

This is a mandatory provision. The habeas Court Judge is required by this provision to conduct an evidentiary hearing and respond respond to this petition.

The Court has discretion to determine Facts, findings and conclusions of the Writ of Habeas Corpus. Hopefully the Court will do so. But until the court makes a ruling, the petitioner cannot proceed.

## E. Relator Has No Adequate Remedy At Law

The Petitioner has exhausted his remedies and has no other

adequate remedy at law. The act sought to be compelled is ministerial and not discretionary in nature. TCCP Art. 11.07 Section 3(c) requires the District Clerk and the Habeas Court Judge to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by the District Clerk as required by statue, Petitioner would have recieved notice from this Honorable Court of Criminal Appeals.

When a party who is subject to an improper Judicial decision has no adequate remedy by appeal, mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law. **Walker v. Packer, 827 S.W.2d 833, 839 (tex. 1992).** Generally, when there is a disputed issue of material fact, mandamus relief will not be granted. See **Burns v. Kelly, 658 S.W.2d 731, 733 ( Tex.App.-Fort Worth 1983, orig. proceeding).**

Petitioner/Relator cannot proceed further without the court's ruling. He cannot appeal any order granting or denial without an order.

### CONCLUSION

Petitioner/Relator understands the difficulty of operating a district court which has many other pending civil and criminal

cases. He does not wish to cause the court any inconvenience Yet his motions in conjunction with his Writ of Habeas Corpus pursuant to Art. 11.07, coupled with his original Writ of Habeas Corpus pursuant to Art. 11.07 of the Tex. Code of Crim. Procedure has been pending now forten (10) months. He respectfully request that this Honorable Court of Criminal appeals instruct the district Court to make a decision on his Writ of Habeas Corpus so that he may proceed.

## PRAYER

Wherefore, premises considered, Mr. Taylor respectfully pray for this Honorable Court to issue a Writ of Mandamus to the Habeas Court Judge of the Criminal District Court Number 4, directing a decision on the above mentioned pending motions, and his Writ of habeas Corpus. Mr. Taylor also prays for all other relief required by justice.

Respectfully Submitted,

/s/ *Elijah Taylor*
Elijah Taylor #1776071

**CERTIFICATE REGARDING SERVICE**

I hereby certify that it is my belief and understanding that the Dallas County District Attorney Susan Hawke, is a participant in the Court's CM/ECF program and that separate service of the foregoing document is not required beyond the notification of Electronic filing to be forwarded on November 1, 2015 upon the filing of the foregoing document.

/s/ *Elijah Taylor*
Elijah Taylor #1776071
James V. Allred Unit
2101 FM 369 North
Iowa Park, Texas 76367-6568